**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 9 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

MICHAEL TRUELOVE,

     Petitioner-Appellant,

v.

REED SMITH, Warden, Lea County
Correctional Facility; ATTORNEY
GENERAL FOR THE STATE OF NEW
MEXICO,

     Respondents-Appellees.

No. 00-2381
(D. N.M.)
(D.Ct. No. CIV-98-1484-SC/DJS)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Michael Truelove, a state inmate appearing *pro se*, appeals the district court decision dismissing his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, as untimely filed. We grant Mr. Truelove's request for a certificate of appealability as to the timeliness issue, and remand to the district court.

Mr. Truelove was convicted by a state jury of two counts of homicide by vehicle and two counts of great bodily injury by vehicle. He also entered a guilty plea and received a conviction of one count of failure to appear. On December 30, 1996, the state court sentenced Mr. Truelove to consecutive sentences totaling eighteen years in prison, but suspended one three-year sentence. Mr. Truelove unsuccessfully filed a direct state appeal, and on September 10, 1997, the New Mexico Supreme Court denied his petition for writ of certiorari. On November 17, 1997, Mr. Truelove filed a Motion for Modification of Sentence pursuant to New Mexico Rule of Criminal Procedure 5-801, in which he moved the state district court to reconsider and reduce his sentence. The state district court never ruled on the motion. On April 23, 1998, Mr. Truelove filed a state habeas petition, which the state court denied. On May 28, 1998, the New Mexico Supreme Court denied certiorari review of his habeas appeal. On November 19, 1998, Mr. Truelove mailed his federal habeas petition. In his petition, Mr.

Truelove raised multiple grounds challenging his conviction and sentence.

The federal district court referred the matter to a magistrate judge, who issued proposed findings and a recommendation to deny the petition as time-barred. In so finding, the magistrate judge recognized Mr. Truelove may not have exhausted his state remedies as to three of the nine issues raised, making it a mixed petition. Nevertheless, the magistrate determined any requirement for Mr. Truelove to exhaust his state remedies would be futile given his petition was untimely filed and any future federal habeas actions on the unexhausted claims likewise would be untimely.

In finding Mr. Truelove's petition untimely filed, the magistrate judge determined Mr. Truelove's conviction became final on September 10, 1997 when the New Mexico Supreme Court denied certiorari on direct review, and he had one year, or until September 10, 1998, to file his federal habeas petition. The magistrate judge then tolled this limitation period by thirty-five days – *i.e.*, the time Mr. Truelove's state habeas petition and appeal were pending in the state courts – and concluded his federal petition was due on October 15, 1998. In so holding, the magistrate judge determined Mr. Truelove's motion for modification of his sentence did not toll the limitation period because it was not a collateral

attack on his conviction and the state court never ruled on it.  Finally, the

magistrate judge considered Mr. Truelove's federal petition filed on November

19, 1998 – the day Mr. Truelove certified he mailed his petition.  Because Mr.

Truelove's petition was due October 15, 1998, the magistrate judge found it

untimely filed.

After Mr. Truelove filed objections thereto, the district court issued an

Order and Judgment filed July 21, 1999, adopting the magistrate judge's proposed

findings and recommendation and denying Mr. Truelove's petition.  Mr. Truelove

then filed a response to the district court's order requesting reconsideration,

which the district court denied.[1]  Mr. Truelove next filed a motion with this court

---

[1] Some clarification is necessary with respect to the district court's orders.  In the Order and Judgment, time-stamped July 21, 1999 and made part of the district court record, the district court acknowledged the filing of Mr. Truelove's objections and stated that, after making "a *de novo* determination," it adopted the proposed findings and recommendation of the magistrate judge.  This order is signed by United States District Court Judge Santiago E. Campos.  However, Mr. Truelove apparently received a different Order and Judgment, also stamp-filed by the clerk July 21, 1999, but not made part of the district court record.  It states Mr. Truelove's objections to the magistrate judge's proposed findings and recommendation "were not submitted within the ten days specified by 28 U.S.C. § 636(b)(1) and have not been considered by this Court."  This Order and Judgment is not signed by Judge Campos, but merely stamped with his name.  In his motion for reconsideration, Mr. Truelove, in part, offered reasons why he untimely filed his objections.  In denying Mr. Truelove's motion and responding to his reasons for untimely filing his objections, Judge Campos stated he in fact "considered [Mr. Truelove]'s objections ... and made a *de novo* determination ... prior to entering [the] Order and Judgment."  Under the circumstances, we can only presume the order Mr. Truelove received was retracted prior to placement in the record, but inadvertently mailed

for leave to file a second or successive habeas petition, which we liberally construed as a motion for extension of time to appeal and remanded to the district court. On May 31, 2000, the district court denied the motion and this appeal followed.

On appeal, Mr. Truelove contends the district court erred in failing to: 1) toll the one-year limitation period during the pendency of his state motion for modification of his sentence filed under "Rule 5-801 NMRA"; 2) apply the mailbox rule to his state habeas pleadings in calculating the dates for tolling his limitation period; or 3) use the mailbox rule in calculating the filing date of his federal petition.

We begin with our jurisdiction over Mr. Truelove's appeal. Although Mr. Truelove did not file a formal Notice of Appeal within thirty-days, he filed, under the prisoner mailbox rule, an appellate brief and motion to proceed on appeal *in forma pauperis* on June 22, 2000 – *i.e.*, within the allotted time period. These

---

to him. While such clerical errors are clearly unfortunate, we determine any error in providing Mr. Truelove with a different Order and Judgment than that filed in the record was harmless because the district court unequivocally stated it conducted a *de novo* review of Mr. Truelove's objections prior to denying his petition. Moreover, we note Mr. Truelove does not raise on appeal any issues concerning the discrepancies in the district court's July 21, 1999 orders.

documents may serve as the functional equivalent of a notice of appeal. *See, e.g.,*
*Smith v. Barry*, 502 U.S. 244, 248-49 (1992) (holding an appellate brief filed
within the allotted time is the functional equivalent of a notice of appeal under
Fed. R. App. P. 3); *Rodgers v. Wyoming Att'y Gen.*, 205 F.3d 1201, 1204 n.3
(10th Cir. 2000) (recognizing certain *pro se* documents may serve as functional
equivalent of notice of appeal); *Hoover v. United States*, 268 F.2d 787, 789 (10th
Cir. 1959) (holding a timely filed motion to proceed on appeal *in forma pauperis*
may serve as timely filed notice of appeal.) Accordingly, we have jurisdiction in
this case.

We next examine whether the district court correctly concluded Mr.
Truelove failed to timely file his federal habeas petition. "In reviewing the denial
of a habeas corpus petition, we review the district court's factual findings under a
clearly erroneous standard, and it legal conclusions de novo." *Rogers v. Gibson*,
173 F.3d 1278, 1282 (10th Cir. 1999), *cert. denied*, 528 U.S. 1120 (2000). A
state prisoner has a one-year period of limitation to file a federal habeas petition
challenging a state court judgment, and the limitation period generally begins to
run "on the date on which the judgment became final." *See* 28 U.S.C.
§ 2244(d)(1)(A). To toll the limitation period, the courts shall not count "[t]he
time during which a properly filed application for State *post-conviction or other*

*collateral review* with respect to the pertinent *judgment or claim* is pending." *Id.*

at § 2244(d)(2) (emphasis added).

Applying these principles, we address Mr. Truelove's contention the

district court failed to consider his state motion, filed under "Rule 5-801 NMRA,"

as a collateral attack for the purpose of tolling the one-year limitation period.[2] As

previously stated, the magistrate judge acknowledged Mr. Truelove filed a motion

for modification of his sentence on November 17, 1997, which the state district

court never ruled on, but concluded the motion did not toll the limitation period

because it was not a collateral attack of the conviction, but merely sought a

reduction of his sentence.

Rule 5-801 states, in relevant part:

Modification of sentence. A motion to reduce a sentence may be
filed within ninety (90) days after the sentence is imposed, or within
ninety (90) days after receipt by the court of a mandate issued upon
affirmance of the judgment or dismissal of the appeal, or within
ninety (90) days after entry of any order or judgment of the appellate

---

[2] Contrary to Mr. Truelove's other contentions, the magistrate judge clearly applied the *Houston* mailbox rule in determining Mr. Truelove filed his federal petition after the one-year limitation period expired. As to applying the same mailbox rule to Mr. Truelove's state habeas filings, we have stated the *Houston* mailbox rule does not apply to state habeas pleadings in New Mexico. *See Adams v. LeMaster*, 223 F.3d 1177, 1182-83 (10th Cir. 2000), *cert. denied*, 121 S. Ct. 1198 (2001).

court denying review of, or having the effect of upholding, a judgment of conviction.... The court shall determine the motion within ninety (90) days after the date it is filed or the motion is deemed to be denied.

N.M. R. Crim. P. 5-801(B) (1997). The New Mexico Supreme Court has ruled a denial of a § 5-801 motion for modification of a sentence is a final appealable order. *See State v. Neely*, 876 P.2d 222, 224 (N.M. 1994).

Consequently, it is clear New Mexico intended § 5-801 motions as one means for post-conviction relief from, or review of, a sentence. For tolling purposes under § 2244(d)(2), we determine only whether the petitioner properly filed for such state post-conviction relief, and not whether the motion is procedurally barred or lacks merit. *See Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (citing other circuit cases); *Delancy v. Florida Dep't of Corrections*, ___ F.3d ___, 2001 WL 336033, at \*3 (11th Cir. Apr. 6, 2001). While the state statute at issue discusses modification and reduction of a sentence, it is not necessary for us to determine if the state procedure at issue is actually intended for the purpose of challenging the legality or execution of the sentence. S*ee Delancy*, ___ F.3d at ___, 2001 WL 336033, at \*2.

Therefore, based on our *de novo* review of the applicable legal principles, we disagree with the magistrate judge and district court that Mr. Truelove's

motion is not a means of post-conviction review or collateral attack merely because (1) no state court ruled on the motion, or (2) Mr. Truelove sought a reduction of his sentence, rather than a challenge to his conviction. First, under Rule 5-801, the motion was deemed denied after ninety days. Second, we find no authority limiting "post conviction or other collateral review" of a "judgment or claim" under § 2244(d)(2) to only challenges of a conviction, and not a sentence. Thus, because Mr. Truelove's motion for modification of his sentence tolled the limitation period for ninety days, he timely filed his federal habeas petition at issue in this appeal.

In order for this court to grant a certificate of appealability, Mr. Truelove must make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, as it did here, without reaching the underlying constitutional claim,

> a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is clearly debatable whether the district court made a correct procedural ruling. We therefore grant

Mr. Truelove a certificate of appealability on the procedural issue presented, and remand for the purpose of resolving the merits of Mr. Truelove's underlying claims that the district court did not reach.

Accordingly we **REVERSE** the district court's order denying Mr. Truelove's habeas petition on timeliness grounds and **REMAND** the case for further proceedings consistent with this opinion.

                                                     **Entered by the Court:**

                                                     **WADE BRORBY**
United States Circuit Judge