**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL TRUELOVE,

Petitioner - Appellant,

v.

REED SMITH, Warden, Lea County
Correctional Facility; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

Respondents - Appellants.

No. 03-2309
(D. New Mexico)
(D.Ct. No. CIV-98-1484-LH/DJS)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

---

[*] This order is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

Michael Truelove, a New Mexico state inmate, appeals pro se[1] and in forma pauperis, seeking a certificate of appealability (COA) of the district court's denial of his 28 U.S.C. § 2254 habeas petition. The district court denied Truelove's request for a COA. Finding no basis for an appeal, we also deny a COA.

## Background

The facts are uncontested. Truelove was the driver of a vehicle containing ten other passengers returning from Juarez, Mexico, on their way to Almamogordo, New Mexico. During the early hours of November 10, 1995, the vehicle rolled over killing two of the passengers and severely injuring two others. There was trial testimony that Truelove was speeding and passed other vehicles by using the right shoulder of the road. It was during one of these right shoulder passes that the accident occurred.

On May 7, 1996, Truelove was convicted by a state jury of two counts of homicide by vehicle and two counts of great bodily injury by vehicle. He was also convicted of one count of failing to appear. The court sentenced Truelove to a total of eighteen years imprisonment. The New Mexico Court of Appeals affirmed his convictions on July 9, 1997. The New Mexico Supreme Court denied his petition for writ of certiorari. On April 23, 1998, Truelove filed a state

---

[1] We construe pro se pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

habeas petition, which the court denied. On May 28, 1998, the New Mexico Supreme Court denied certiorari review of his habeas appeal.

On December 2, 1998, Truelove filed a § 2254 federal habeas petition in which he raised multiple grounds challenging his conviction and sentence. On July 21, 1999, the district court dismissed the petition as time-barred under 28 U.S.C. § 2244(d)(1). On appeal, however, we reversed and remanded for further proceedings.[2]

On remand, Truelove renewed his previous claims, arguing (1) there was insufficient evidence to support his homicide and great bodily injury convictions; (2) he was denied due process and his right to an appeal based on the fact the state court of appeals relied on the log and summary of tape recordings of the original trial in deciding his direct appeal; (3) he was denied effective assistance of trial counsel; (4) he was denied "compulsory" process to obtain witnesses to testify in his defense; (5) he was denied due process because his conviction was allegedly obtained by confessions coerced from two of the witnesses at trial; (6) the trial court erred in allowing charges of great bodily injury to go to the jury when there was no expert testimony presented regarding the injuries suffered; (7) his sentence amounted to cruel and unusual punishment.[3]

_____

[2] *See Truelove v. Smith*, No. 112381, 2001 WL 491143 (10th Cir. May 9, 2001).

[3] Like the district court, we perceive only eight issues on appeal. While Truelove asserts he was denied effective assistance of appellate counsel, a searching review of the

The district court, after considering de novo the proposed findings and recommended disposition of the magistrate judge to whom the matter was first referred, dismissed the petition with prejudice.[4]

## Discussion

To be entitled to a COA, Truelove must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Truelove must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In deciding whether Truelove has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Truelove need not demonstrate that his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

---

record fails to uncover even a hint of cogent argument in support of this claim. Therefore, we refuse to consider it. *See United States v. Metzger*, 233 F.3d 1226, 1229 (10th Cir. 2000).

[4] Neither the magistrate judge nor the district court specifically addressed Truelove's claim that his sentence amounted to cruel and unusual punishment. However, we construe the magistrate judge's recommended disposition of dismissal of the § 2254 petition with prejudice, adopted by the district court after de novo review, to include a general denial of this claim. Like Truelove's other claims, we consider it to be without merit.

-4-

The magistrate judge's 14-page Proposed Findings and Recommended Disposition precisely and accurately identifies why Truelove's claims have repeatedly failed to gain the attention of the various state courts as well as the district court. Each one amounts to a conclusory allegation without necessary factual and/or legal support. Consequently, upon careful consideration of Truelove's challenges and the record on appeal, and in lieu of restating the persuasive reasoning of both the New Mexico Court of Appeals and the district court, we deny Truelove a COA for substantially the same the reasons enunciated in the magistrate judge's report and recommendation.

## Conclusion

Accordingly, we **DENY** Truelove's application for a COA and **DISMISS** the appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge