**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBIN FLOYD ROBINSON,

      Petitioner-Appellant,

v.

GARY GOLDER, Warden;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 04-1323

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 04-Z-1014)**

---

Submitted on the briefs:[*]

Robin Floyd Robinson, pro se.

Raymond P. Moore, Federal Public Defender, Madeline S. Cohen, Assistant
Federal Public Defender, Denver, Colorado, for Appellant.

John W. Suthers, Attorney General, Paul Koehler, Assistant Attorney General,
Denver, Colorado, for Appellees.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Before **HENRY**, **McKAY**, and **MURPHY**, Circuit Judges.

**PER CURIAM**.

Mr. Robinson pleaded guilty to burglary and assault in Colorado's El Paso county district court. The state court sentenced him to twenty years in prison. Mr. Robinson sought state post-conviction relief, which was denied at all levels. He then filed a 28 U.S.C. § 2254 habeas petition, which the district court dismissed as time-barred by § 2244(d)(1). This court granted a certificate of appealability on the district court's dismissal and on the merits of Mr. Robinson's ineffective assistance of counsel claim. The issue before us is whether Mr. Robinson's state post-conviction proceedings, in combination with equitable tolling, tolled the one-year statute of limitations for filing a § 2254 habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.[1]

---

[1] Because we affirm the district court's dismissal of Mr. Robinson's habeas petition as time-barred, we will not address the substantive claims raised in his petition. *See Slack v. McDaniel*, 529 U.S. 473, 485 (2000) (holding where dismissal due to procedural bar is correct, consideration of merits is unnecessary).

# I. Background

Because Mr. Robinson's tolling argument is based on his state post-conviction proceedings, the following time line summarizes the key dates from those proceedings that are relevant to our analysis:

- July 6, 1999 - Colorado Supreme Court denies certiorari in Mr. Robinson's direct appeal of his burglary and assault convictions.

- July 9, 1999 - Direct appeal mandate issues.

- October 4, 1999 - Burglary and assault convictions become final on direct review. *See Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001).

- October 29, 1999 - Mr. Robinson files a Colo. R. Crim. P. 35(b) motion.

- November 9, 1999 - State court denies the Rule 35(b) motion.

- November 22, 1999 - Mr. Robinson files a motion to reconsider the Rule 35(b) denial.

- December 1, 1999 - State court denies the motion to reconsider.

- December 24, 1999 - Period for appealing November 9 order denying the Rule 35(b) motion expires. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000).

- April 25, 2001 - Mr. Robinson files a Colo. R. Crim. P. 35(c) motion.

- April 19, 2004 - Colorado Supreme Court denies certiorari on the Rule 35(c) motion.

• April 25, 2004[2] - Mr. Robinson files a federal habeas petition.

## II. Discussion

AEDPA provides that "[t]he limitation period [for a writ of habeas corpus] shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Mr. Robinson's conviction became final on October 4, 1999, Mr. Robinson had one year from that date, until October 5, 2000, to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A); *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that one-year limitation period in AEDPA should be calculated using anniversary date method even when intervening period includes leap year).

The statute of limitations may be tolled, however, during the pendency of any "properly filed application for State post-conviction or other collateral review." *Id.* § 2244(d)(2). A state post-conviction application is "properly filed" if it satisfies the State's requirements for filing such a pleading. *Habteselassie v. Novak*, 209 F.3d 1208, 1210 (10th Cir. 2000); *see also Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005).

---

[2] The record reflects that Mr. Robinson signed his habeas petition on April 25, 2004, however, there is no certification of mailing attached to the petition. The petition was received by the district court on May 6, 2004. Because Mr. Robinson's petition was untimely under either filing date, we will assume for the purpose of our analysis that the petition was filed on April 25.

The district court concluded that Mr. Robinson's Rule 35(b) motion was a proper state post-conviction motion that tolled the statute of limitations. The district court determined, however, that Mr. Robinson's motion to reconsider the denial of the Rule 35(b) motion was not a properly filed state post-conviction motion and therefore its filing did not toll the statute of limitations. Finally, the district court found that Mr. Robinson was not entitled to equitable tolling. As a result, the district court dismissed Mr. Robinson's habeas petition as untimely.

"In an appeal of the dismissal of a federal habeas corpus petition, we review a district court's findings of fact for clear error and its conclusions of law de novo." *Burger v. Scott*, 317 F.3d 1133, 1137 (10th Cir. 2003). We review de novo the district court's dismissal of Mr. Robinson's habeas petition as time-barred under § 2244(d). *Serrano v. Williams*, 383 F.3d 1181, 1184 (10th Cir. 2004). "[W]e review the district court's decision on equitable tolling of the limitation period[, however,] for an abuse of discretion." *Burger*, 317 F.3d at 1138. For the reasons stated below, we affirm the district court's dismissal.

### A. Rule 35(b) Motion

The first question to address is whether a Colorado Rule of Criminal Procedure 35(b) motion tolls the statute of limitations period in § 2244(d)(1). In the federal habeas proceedings, the district court concluded that Mr. Robinson's Rule 35(b) motion was a proper state post-conviction motion that tolled the

statute of limitations for twelve days from the date it was filed on October 29 until the state trial court issued its decision on November 9. Appellees contend that a Rule 35(b) motion does not toll the limitations period for habeas petitions because it is not an "application for State post-conviction or other collateral review," within the meaning of § 2244(d)(2). The district court relied on *Martin v. Embry*, No. 99-1203, 1999 WL 1123077 (10th Cir. Dec. 8, 1999), an unpublished decision of this court, for the proposition that a properly filed Rule 35(b) motion tolls the running of the habeas limitations period. Appellees assert that *Martin* was wrongly decided.

In *Martin*, we observed that the State had not presented any authority that motions for "post-conviction or collateral review," under § 2244(d)(2), are limited to those containing constitutional challenges to the defendant's conviction. *Id.* at *2. Further, the State cited no cases to indicate that a defendant's sentence is somehow unrelated to a "judgment or claim" in § 2244(d)(2). *Id.* We also noted that Colorado Rule of Criminal Procedure 35 is expressly entitled "Postconviction Remedies." *Id.* In holding that a Rule 35(b) motion is sufficient to toll the habeas limitations period, we explained that "[t]o hold otherwise would raise questions of comity, because it appears that Colorado retain[s] jurisdiction over the case during the pendency of [a] Rule 35(b) motion." *Id.* (citing *People v. Smith*, 971 P.2d 1056, 1059 (Colo. 1999)). *Martin* is the second unpublished case

from this court to conclude that Rule 35(b) motions toll the statute of limitations. *See Upshur v. Hickock*, No. 99-1156, 1999 WL 710352, at *1 (10th Cir. Sept. 13, 1999). Because we agree with the reasoning of our prior unpublished decisions, we hold that a properly filed Colorado Rule of Criminal Procedure 35(b) motion tolls the one-year limitation period in § 2244(d)(1).

Because Mr. Robinson's October 29, 1999, Rule 35(b) motion was timely filed, the statute of limitations was tolled during the pendency of that motion. The tolling effect ended on December 24, 1999, the day on which the period for appealing the denial of that motion expired. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (holding that "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law"). At that point, the AEDPA statute of limitations, which began running on October 5, 1999, had run for 24 days (from October 5 to October 29).

### B. Motion to Reconsider

Mr. Robinson contends that his motion to reconsider, filed on November 22, 1999, further tolled the statute of limitations. The district court determined, based on *People v. Gresl*, 89 P.3d 499, 501 (Colo. Ct. App. 2003), that because no provision of the Colorado criminal procedure rules specifically authorizes a motion to reconsider an order denying a Rule 35(b) motion, Mr. Robinson's

motion to reconsider was not a properly filed state post-conviction motion within the meaning of § 2244(d)(2). The district court therefore concluded that the motion to reconsider did not toll the statute of limitations.

On appeal, appellees concede that Colorado law would permit a motion to reconsider a Rule 35(b) denial to be construed as a second Rule 35(b) motion, so long as the motion was timely filed. *See* Aplee. Br. at 9; *see also Gresl*, 89 P.3d at 501-02 (characterizing motion to reconsider Rule 35(b) denial as a second Rule 35(b) motion, but holding that trial court lacked jurisdiction because the motion was not filed within 120 days after the sentence was imposed). Appellees now argue that even if the motion to reconsider were construed as a second Rule 35(b) motion, it was not timely filed.

Appellees assert that the 120-day time period for filing a Rule 35(b) motion began to run on the date the direct appeal mandate was filed, which was July 9, 1999; therefore, the deadline for filing the motion was November 8. Mr. Robinson did not file his motion to reconsider, which we will construe as a second Rule 35(b) motion, until November 22. Mr. Robinson argues that his motion was timely because the 120-day period for filing a Rule 35(b) motion did not begin to run until the 90-day period for petitioning the United States Supreme Court for certiorari had expired, which was October 4, 1999. Using October 5 as the start date, Mr. Robinson contends that his motion to reconsider was a timely

filed Rule 35(b) motion that tolled the statute of limitations through its denial on December 1, 1999, until the time to appeal it expired on January 17, 2000. We disagree with Mr. Robinson's reasoning.

The federal habeas statute provides that "[t]he limitation period [for a writ of habeas corpus] shall run from . . . the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review*." 28 U.S.C. § 2244(d)(1) (emphasis added). In contrast, Rule 35(b) provides that the motion for reduction of sentence must be filed "within 120 days *after entry of any order or judgment* of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence." Colo. R. Crim. P. 35(b)(3) (emphasis added). Rule 35(b) contains no language, like that in § 2244(d)(1), that permits an extension of the filing period until the expiration of the time for seeking appellate review, if the defendant has not actually sought such review. Because Mr. Robinson never filed a petition for certiorari to the United States Supreme Court, there is no order or judgment from that court. As a result, the last "order or judgment" under Rule 35(b) is the direct appeal mandate filed on July 9, 1999. Mr. Robinson's motion, filed more than 120 days later on November 22, was therefore not timely. Accordingly, the motion to reconsider did not toll the statute of limitations. Rather, the statute of

limitations began running again on December 24, 1999, when the time for appealing the first Rule 35(b) motion expired.

## C. Equitable Tolling

Mr. Robinson also contends that he is entitled to equitable tolling from January 17 to June 1, 2000, because he was diligently pursuing his claims during this period. We need not decide whether Mr. Robinson is entitled to equitable tolling, however, because even if the statute of limitations were tolled for this period, it still would have expired before Mr. Robinson filed his next state post-conviction motion on April 25, 2001. There are 329 days between June 1, 2000, and April 25, 2001, and Mr. Robinson had only 317 days remaining in his one-year limitations period. To address this gap, he seeks an additional period of statutory tolling from June 1 through July 17, 2000, the period during which he could have appealed a May 19 order denying for a second time his November 22, 1999 motion to reconsider (he claims that he did not receive the original December 1, 1999 order denying his motion to reconsider). This argument fails because, as explained above, the motion to reconsider did not toll the statute of limitations; therefore, the limitations period was not tolled during the period in which Mr. Robinson could have appealed its denial.

## III. Conclusion

In sum, Mr. Robinson's Rule 35(b) motion tolled the statute of limitations until the period to appeal it had expired, but his motion to reconsider did not toll the limitations period because it was not timely. Even if Mr. Robinson were additionally entitled to equitable tolling for the period he requests, his habeas petition would still be untimely. Accordingly, the district court did not err in dismissing Mr. Robinson's habeas petition as time-barred.

The judgment of the district court is AFFIRMED.