**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CRAIG STEVEN HOWARD,

        Petitioner-Appellee,

v.

ROBERT ULIBARRI, Warden,
Southern New Mexico Correctional
Facility; ATTORNEY GENERAL
FOR THE STATE OF NEW MEXICO,

        Respondents-Appellants.

No. 05-2346

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. CIV-04-1415 MCA/KBM)**

Joel Jacobsen, Assistant Attorney General (Patricia A. Madrid, New Mexico
Attorney General, with him on the briefs), Albuquerque, New Mexico, for
Respondent-Appellant.

Madeline S. Cohen, Assistant Federal Public Defender (Raymond P. Moore,
Federal Public Defender, with her on the brief), Denver, Colorado, for Petitioner-
Appellee.

Before **MURPHY, SEYMOUR,** and **McCONNELL**, Circuit Judges.

**McCONNELL**, Circuit Judge.

Following his conviction in 1999 for several offenses under New Mexico state law, Craig Howard received a sixteen-year prison sentence. After seeking state post-conviction relief, Mr. Howard sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court found Mr. Howard's petition timely, holding that his motions for modification of sentence under New Mexico Rule of Criminal Procedure 5-801(B) tolled the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). The State appeals this ruling, but because we find our decision in *Robinson v. Golder,* 443 F.3d 718 (10th Cir. 2006), controlling, we affirm.[1]

## I. Background

In 1999, Mr. Howard was convicted of multiple counts as an accessory to fraudulent use of a credit card and forgery, and conspiracy to commit the same. He was sentenced to sixteen years in prison and sought state post-conviction relief, which was denied at all levels, with one minor exception.[2]

After Mr. Howard's state petitions were denied, he sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State urged the federal magistrate

---

[1]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2]The New Mexico Court of Appeals affirmed Mr. Howard's convictions on direct appeal on January 10, 2002. However, it remanded for correction of a clerical error in the judgment, thereby reducing the judgment and sentence on one of the counts from a third-degree felony to a fourth-degree felony.

judge to find the motion time-barred by AEDPA's one-year statute of limitations.

The magistrate judge rejected the State's position and recommended that the

district court find the federal habeas petition timely.  The magistrate judge relied

on this Court's unpublished decision in *Truelove v. Smith*, 9 Fed. Appx. 798, 802

(10th Cir. 2001), which held that a motion for modification of sentence brought

under New Mexico's Rule 5-801(B) tolls the AEDPA statute of limitations.  The

State filed an objection before the district court, pointing out that the *Truelove*

decision does not have precedential weight and arguing that its analysis should be

rejected in favor of the contrary reasoning of the Fourth Circuit's decision in

*Walkowiak v. Haines*, 272 F.3d 234 (4th Cir. 2001).  The district court disagreed

that *Truelove* had been wrongly decided, and adopted the magistrate judge's

recommendation.  However, the district court recognized that there was

"substantial ground for difference of opinion and that an immediate appeal . . .

[might] materially advance the ultimate termination of the litigation."  28 U.S.C.

§ 1292(b).  The State filed a petition requesting permission to bring an

interlocutory appeal under § 1292(b) and we granted that petition on November 4,

2005.

## II. Discussion

AEDPA provides that a one-year "period of limitation shall apply to an

application for a writ of habeas corpus . . . run[ning] from . . . the date on which

the judgment became final by the conclusion of direct review or the expiration of

the time for seeking such review." 28 U.S.C. § 2244(d)(1). However, the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2).

On appeal, the State argues that a motion for modification of sentence under Rule 5-801(B) does not constitute "post-conviction or other collateral review," and thus should not toll the AEDPA statute of limitations. The State concedes, however, that if a Rule 5-801(B) motion does toll the statute of limitations, Mr. Howard's habeas petition was timely. Thus, the sole issue before us is whether a New Mexico Rule 5-801(B) motion for modification of sentence tolls the statute of limitations.

In *Truelove*, we held that a Rule 5-801(B) motion tolls the AEDPA statute of limitations after finding "no authority limiting post conviction or other collateral review of a judgment or claim under § 2244(d)(2) to only challenges of a conviction, and not a sentence." *Truelove*, 9 Fed. Appx. at 802 (internal quotation marks omitted). By contrast, in *Walkowiak*, the Fourth Circuit held that a motion for reduction of sentence under West Virginia Criminal Rule of Procedure 35(b) does not toll the AEDPA statute of limitations for filing a habeas petition. *Walkowiak*, 272 F.3d at 239. At the time the State filed its appeal, this Court had not issued a precedential opinion addressing the issue, and the State

-4-

urged the Court to follow the Fourth Circuit's lead rather than that of the unpublished decision in *Truelove*.

After the State's appeal was filed, this Court decided *Robinson v. Golder*, 443 F. 3d 718 (10th Cir. 2006). In *Robinson* we held that "a properly filed Colorado Rule of Criminal Procedure 35(b) motion tolls the one-year limitation period in § 2244(d)(1)." *Id*. at 721. Mr. Howard contends that "Colorado Rule 35(b) is substantively identical to New Mexico Rule 5-801(B)," and that we should therefore apply the holding from *Robinson* to his case. (Appellee's Answer Br. p. 10.) We agree.

*Robinson* held that motions for "post-conviction or other collateral review" under § 2244(d)(2) are not limited to constitutional challenges to the defendant's conviction, but extend to challenges to the defendant's sentence. The Court also observed that to interpret § 2244(d)(2) as excluding motions to reduce sentence under Colorado Rule 35(b) would "raise questions of comity," because it appears that Colorado retains jurisdiction over the case during the pendency of such motions. *Robinson*, 443 F.3d at 721 (internal quotation marks omitted). The same considerations apply with equal force to motions to reduce sentence under New Mexico Rule 5-801(B).

The State contends that there are "significant differences" between Colorado Rule 35 and New Mexico Rule 5-801. Appellant's Reply Br. 3. In particular, the State points out that Colorado's Rule 35 is entitled "Postconviction

Remedies" whereas New Mexico's Rule 5-801 is entitled "Modification of Sentence," and that sections (A) and (C) in each rule vary substantially from one another. As to the first point, we cannot think a mere difference in the nomenclature used in the statutory headings can produce a different interpretation for purposes of federal law. As to the second point, the relevant sections of the two states' rules – section (B) in both cases – are in all material respects identical.[3] Both permit motions to "reduce a sentence" within a certain time after

_____

[3]For purposes of comparison, we set forth the text of both states' rules:

**NEW MEXICO RULE OF CRIMINAL PROCEDURE 5-801**:
**MODIFICATION OF SENTENCE**

**A. Correction of Sentence.** The court may correct an illegal sentence at any time pursuant to Rule 5-802 and may correct a sentence imposed in an illegal manner within the time provided by this rule for the reduction of sentence.

**B. Modification of Sentence.** A motion to reduce a sentence may be filed within ninety (90) days after the sentence is imposed, or within ninety (90) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within ninety (90) days after entry of any order or judgment of the appellate court denying review of, or having the effect of upholding, a judgment of conviction. A motion to reduce a sentence may also be filed upon revocation of probation as provided by law. Changing a sentence from a sentence of incarceration to a sentence of probation shall constitute a permissible reduction of sentence under this paragraph. The court shall determine the motion within ninety (90) days after the date it is filed or the motion is deemed to be denied.

**C. Mandatory Sentence.** Paragraph B of this rule does not apply to the death penalty or a mandatory sentence.

**COLORADO RULE OF CRIMINAL PROCEDURE 35:**
**POSTCONVICTION REMEDIES**

(continued...)

-6-

**(a) Correction of Illegal Sentence.** The court may correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

**(b) Reduction of Sentence.** The court may reduce the sentence provided that a motion for reduction of sentence is filed (1) within 120 days after the sentence is imposed, or (2) within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or sentence or dismissal of the appeal, or (3) within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence. The court may, after considering the motion and supporting documents, if any, deny the motion without a hearing. The court may reduce a sentence on its own initiative within any of the above periods of time.

**(c) Other Remedies.**

(1) If, prior to filing for relief pursuant to this paragraph (1), a person has sought appeal of a conviction within the time prescribed therefor and if judgment on that conviction has not then been affirmed upon appeal, that person may file an application for postconviction review upon the ground that there has been a significant change in the law, applied to the applicant's conviction or sentence, allowing in the interests of justice retroactive application of the changed legal standard.

(2) Notwithstanding the fact that no review of a conviction of crime was sought by appeal within the time prescribed therefor, or that a judgment of conviction was affirmed upon appeal, every person convicted of a crime is entitled as a matter of right to make application for postconviction review upon the grounds hereinafter set forth. Such an application for postconviction review must, in good faith, allege one or more of the following grounds to justify a hearing thereon:

(I) That the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state;

(II) That the applicant was convicted under a statute that is in violation of the Constitution of the United States or the constitution of this state, or that the conduct for which the applicant was prosecuted is constitutionally protected;

(III) That the court rendering judgment was without jurisdiction over the person of the applicant or the subject matter;

(IV) Repealed eff. July 1, 2004.

(continued...)

sentence is imposed. If a motion to reduce sentence under Colorado Rule 35(b) is a motion for "post-conviction or other collateral review," as *Robinson* held, the same has to be true of a motion under New Mexico Rule 5-801(B). To be sure, other portions of these rules contain significant differences, but the State offers no persuasive reason why those differences should have any effect on our interpretation of sections (B).

Because we find that a Colorado Rule 35(b) motion is materially indistinguishable from a New Mexico Rule 5-801(B) motion, we are not at liberty to consider the State's challenges to our reasoning in *Robinson* or to determine whether each point of reasoning in that decision applies directly to Mr. Howard's case. Rather, because the central holding in *Robinson* is directly on point, we are bound to follow our decision in that case. Accordingly, we hold that a properly filed motion for modification of sentence under New Mexico Rule of Criminal Procedure 5-801(B) tolls the one-year limitation period in 28 U.S.C. § 2244(d)(1).

---

[3](...continued)

(V) That there exists evidence of material facts, not theretofore presented and heard, which, by the exercise of reasonable diligence, could not have been known to or learned by the defendant or his attorney prior to the submission of the issues to the court or jury, and which requires vacation of the conviction or sentence in the interest of justice;

(VI) Any grounds otherwise properly the basis for collateral attack upon a criminal judgment; or

(VII) That the sentence imposed has been fully served or that there has been unlawful revocation of parole, probation, or conditional release. . . . .

The judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.