**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 27, 2007**

**TENTH CIRCUIT**

TONY WELCH,

               Petitioner-Appellant,

    v.

RON WARD, Director, Oklahoma
Department of Corrections,

               Respondent-Appellee.

No. 06-6205

(W.D. of Okla.)

(D.C. No. CIV-05-274-T)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

Tony Welch seeks a certificate of appealability (COA) to challenge the

district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus.

We will issue a COA "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

forth by the magistrate judge and the district court, we find that Welch has failed to make the requisite showing for a COA and therefore DENY his request.

## I. Analysis

Tony Welch was charged in the District Court of Oklahoma County, Oklahoma with one count of First Degree Burglary and one count of Peeping Tom, after two or more prior felonies. He was sentenced to thirty years imprisonment for the burglary conviction and one year in county jail plus a $500 fine for the Peeping Tom conviction, with the sentences to be served concurrently. On appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Welch's convictions, but found the trial judge committed plain error by incorrectly instructing the jury on the range of punishment for Peeping Tom. Since Welch had already served his concurrent one-year sentence for Peeping Tom, the OCCA was only able to vacate the $500 fine.

In his habeas petition seeking relief from the burglary conviction, Welch has raised three grounds for relief: (1) ineffective assistance of trial and appellate counsel for failing to challenge the state trial court's *sua sponte* ruling that Welch's prior convictions, which were over ten years old, were admissible for purposes of impeachment (*see* Okla. Stat. tit. 12, § 2609(b)(2001)); (2) ineffective assistance of trial and appellate counsel for failing to challenge the trial court's improper commentary regarding audiotape evidence; and finally (3) ineffective assistance of appellate counsel for failing to include the prior two substantive

issues in allegations of ineffective assistance of trial counsel and cumulative error during the direct appeal. The magistrate judge found, and Welch appears to recognize, that the ineffective assistance of *trial* counsel claims are procedurally barred except as underlying predicates for his ineffective assistance of *appellate* counsel claims.

Only one issue needs further discussion. The ineffective assistance of appellate counsel claims were reviewed collaterally in the District Court of Oklahoma County. The reviewing judge, however, improperly referenced an amendment to Oklahoma law that did not apply at the time of Welch's trial in finding evidence of convictions older than ten years could be used to impeach Welch. On appeal in state court, the OCCA did not correct this mistake. But the OCCA properly identified *Strickland v. Washington*, 466 U.S. 668 (1984), as the law governing ineffective counsel claims. It then noted that *Strickland* requires both a showing of (1) deficiency by counsel, and (2) prejudice resulting from counsel's deficiency. Addressing all of the alleged ineffective appellate counsel claims, the OCCA concluded that nothing in the appeal record indicated "the results in [Welch's] trial would have been different had these alleged errors not occurred." Exhibit 8. Welch contends this conclusory finding is not entitled to deference.

Still, the magistrate judge and district court both carefully reviewed the record and agreed with the OCCA's findings. The magistrate judge found strong

evidence of guilt based on the record, such that Welch could not "show a reasonable probability that he would have prevailed" had the other alleged errors not been made. Magistrate Judge's Report & Recommendation at 17, 20. In particular, the magistrate judge noted that Welch admitted he climbed onto a stool and peered into the window of a woman getting ready for work. He admitted lifting the window and his arm entering the apartment. Finally, contradictory testimony left a jury free to question Welch's credibility regarding the intent behind his actions.[1] [Magistrate Judge's Report & Recommendation at 14–17; see also Exhibit 11.] We agree with the review conducted by the magistrate judge and the district court.

In an appeal of a federal habeas petition, we review a district court's findings of fact for clear error and its conclusions of law *de novo*. *Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006). Our review in this case is further limited: we grant habeas on an underlying state court decision only if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because the OCCA properly identified the test from *Strickland* as controlling, we apply the "unreasonable application" test, which requires a finding that "most reasonable jurists exercising their independent

---

[1] The crime of burglary requires proof that the perpetrator intended to commit a crime after breaking and entering a "dwelling house." Okla. Stat. tit. 21, § 1431.

-4-

judgment would conclude the state court misapplied Supreme Court law. It is not enough that the decision is clearly wrong or that [we] would have reached a contrary decision." *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006). Only "the most serious misapplications of Supreme Court precedent" receive relief under § 2254. *Id.*

Given the analysis of the magistrate judge and the district court, and our own review of the factual record, we cannot conclude that the OCCA was clearly wrong in its application of *Strickland* to appellate counsel's alleged errors. As a grant of habeas requires a finding even greater than clear error, *see Maynard*, 468 F.3d at 670, Welch is not entitled to relief.

## II. Conclusion

For the reasons above we DENY Welch's application for a COA and DISMISS this appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge
