FILED
United States Court of Appeals
Tenth Circuit

December 4, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAFAEL LAZCANO,

       Petitioner-Appellant,

v.

ARISTEDES W. ZAVARAS,
Executive Director; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

       Respondents-Appellees.

No. 09-1123
(D.C. No. 1:08-CV-02720-ZLW)
(D. Colo.)

---

**ORDER**[*]

---

Before **HARTZ**, **SEYMOUR**, and **EBEL**, Circuit Judges.

Petitioner Rafael Lazcano ("petitioner") asks us to grant a Certificate of

Appealability (COA), authorizing him to appeal the district court's denial of his

petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set

forth below, we decline to do so.

On June 1, 2000, petitioner was convicted in Mesa County District Court

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with FED. R. APP. P. 32.1 and 10TH CIR. R. 32.1.

on charges of distributing cocaine, possessing drug paraphernalia, and criminal impersonation. Subsequently, he was sentenced as an habitual criminal to forty-eight years imprisonment. On December 6, 2001, the Colorado Court of Appeals affirmed his conviction. On May 20, 2002, the Colorado Supreme Court denied certiorari.

On August 30, 2004, petitioner filed a post-conviction motion, pursuant to Rules 35(a) and (c) of the Colorado Rules of Criminal Procedure. The trial court denied his motion. The Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied certiorari.

On November 27, 2006, petitioner filed a second post-conviction motion. Once again, the district court dismissed the motion. The Colorado Court of Appeals dismissed petitioner's appeal from the denial of his second post-conviction motion for failure to file a timely opening brief.

On December 8, 2008, pursuant to 28 U.S.C. § 2254, petitioner filed a *pro se* habeas petition, alleging that constitutional errors occurred at his trial and sentencing proceedings. The magistrate judge ordered petitioner to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) in a pre-answer response. Subsequently, the district court denied habeas relief as untimely under the one-year limitation period provided by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). Petitioner now appears

*pro se* seeking to appeal to this court.

Where, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,

> a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Pursuant to AEDPA, "a one-year period of limitation shall apply to an application for a writ of habeas corpus running from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Howard v. Ulibarri*, 457 F.3d 1146, 1147 (10th Cir. 2006) (quoting 28 U.S.C. § 2244(d)(1)) (internal quotation marks and alterations omitted). AEDPA also provides that the one-year statute of limitations is "tolled while a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* (quoting 28 U.S.C. § 2244(d)(2)) (internal quotation marks and alterations omitted).

Although petitioner filed two post-conviction motions, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th

Cir. 2006).  Accordingly, absent equitable tolling of the limitations period,[1]

petitioner only had until August 18, 2003 – one year and ninety days after the

Colorado Supreme Court denied certiorari review of his direct appeal[2] – to file a

post-conviction motion in state court or a habeas corpus petition in federal court.

He failed to do either.

AEDPA's one-year statute of limitations is also subject to equitable tolling

in rare and exceptional circumstances such as:

> when a prisoner is actually innocent, when an adversary's conduct –
> or other uncontrollable circumstances – prevents a prisoner from
> timely filing, or when a prisoner actively pursues judicial remedies
> but files a defective pleading during the statutory period.  Simple
> excusable neglect is not sufficient.  Moreover, a petitioner must
> diligently pursue his federal habeas claims; a claim of insufficient
> access to relevant law, such as AEDPA, is not enough to support
> equitable tolling.

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations and quotations

omitted).

Petitioner argues that we should equitably toll AEDPA's one-year statute of

---

[1] Section "2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling."  *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

[2] Because petitioner did not file a petition for certiorari to the United States Supreme Court, the one-year period of limitation started to run ninety days after May 21, 2002.  *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for purposes of section 2244(d)(1), "the judgment is not final and the one-year limitation period for filing for federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed."); *see also* SUP. CT. R. 13.

limitations because: (1) "he was transferred to Oklahoma at the NFCF which had no legal research tools," and (2) the Colorado Court of Appeals refused "to appoint counsel to litigate the 'second' postconviction motion appeal" and "supply [petitioner] with the record on appeal on loan so that he could prepare his appeal pro-se." Rec. at 308. However, petitioner does not explain, and we cannot see, how these alleged obstacles surrounding his second post-conviction appeal in 2006 prevented him from meeting AEDPA's filing deadline of August 18, 2003. Therefore, petitioner's December 8, 2008 habeas petition was not timely.

Based on the foregoing, we conclude that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. Accordingly, we **DENY** petitioner's applications for a COA and **DENY** his *in forma pauperis* application.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge