FILED
United States Court of Appeals
Tenth Circuit

March 20, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

HAROLD LEE MORRIS, JR.,

Plaintiff - Appellant,

v.

ROBERT ULIBARRI, Warden,

Defendant - Appellee.

No. 12-2160
(D.C. No. 6:06-CV-01052-MV-SMV)
(D.N.M.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Harold Lee Morris, Jr., a New Mexico state inmate, seeks a certificate of

appealability ("COA") to appeal from the district court's dismissal of his federal

habeas corpus petition. 28 U.S.C. § 2254. Mr. Morris claims that he was

mentally incompetent at the time he signed his plea agreement. The district court

denied relief on the merits, adopting a similar recommendation from the

magistrate judge, who also determined that the petition was time-barred.

We may only issue a COA if Mr. Morris makes a "substantial showing of

the denial of a constitutional right." Miller-El v. Cockrell, 537 U.S. 322, 336

(2003) (quotation omitted). If a petition is dismissed on procedural grounds, the

petitioner must show that reasonable jurists would find it debatable not only

whether the petition states a valid constitutional claim, but also whether the district court's procedural ruling was correct. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000). A merits dismissal only requires the former showing. See id. Regardless, we deny a COA and dismiss the appeal.

A.    Limitations

Under 28 U.S.C. § 2244(d)(1)(A), Mr. Morris's one-year filing deadline began to run on October 5, 2002, the day after his conviction became final. See N.M. R. App. P. 12-201(A)(2). Under § 2244(d)(2), the limitations period was tolled from October 7, 2002 through November 21, 2002, during the pendency of Mr. Morris's properly filed motion for reconsideration of his sentence. See Howard v. Ulibarri, 457 F.3d 1146, 1150 (10th Cir. 2006). Accordingly, Mr. Morris had until mid-November 2003 to file his federal habeas petition. Because his February 23, 2004 state habeas petition was filed after this deadline, it did not toll. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). Therefore, his federal habeas petition, filed October 26, 2006, was clearly untimely unless Mr. Morris is entitled to equitable tolling.

Mr. Morris argues that equitable tolling is warranted for two reasons: (1) his mental incompetence and (2) his lack of access to legal materials. Counsel was appointed for Mr. Morris and a magistrate judge held an evidentiary hearing on the issue of equitable tolling. Both parties also submitted briefs.

The magistrate judge concluded that Mr. Morris was not entitled to

equitable tolling. First, the magistrate judge rejected the mental incompetence ground, finding that Mr. Morris had failed to establish impairment rising to the level of a rare and exceptional circumstance. Alternatively, the judge explained that the alleged incompetence, even if believed, would only toll the limitation period for a total of seventy-one days. In other words, Mr. Morris's petition would still be untimely. The magistrate judge also declined to apply equitable tolling based on lack of access to legal materials, noting that Mr. Morris was able to request legal materials through the Supreme Court law library and the Legal Access Office. Finally, the magistrate judge addressed Mr. Morris's allegation that officials had confiscated his legal papers. Finding that Mr. Morris failed to demonstrate he had diligently pursued his claims, the magistrate judge concluded that equitable tolling was not warranted.

B.    Merits

In addition to finding Mr. Morris's petition to be time-barred, the magistrate judge also recommended that the petition be denied on the merits. The district court dismissed the petition on the merits reasoning that Mr. Morris could not overcome the presumption of correctness attendant to a state court finding of fact based on a credibility determination, that Mr. Morris was competent at the time of his plea. The district court did not reach the limitations issue.

Discussion

- 3 -

Mr. Morris argues that he was mentally incompetent at the time he signed his plea agreement. In particular, he challenges the state court's credibility determinations regarding different doctors' psychological evaluations. Credibility determinations are like findings of fact. State court findings of fact are "presumed to be correct" unless the petitioner shows by clear and convincing evidence that the state court's factual determination was erroneous. See 28 U.S.C. § 2254(e)(1); Schriro v. Landrigan, 550 U.S. 465, 473–74 (2007). The district court concluded that Mr. Morris could not make this showing. Given the degree of deference that must be applied, we do not think the district court's conclusion is reasonably debatable. Similarly, the district court correctly denied an evidentiary hearing because the state court rejected Mr. Morris's mental incompetence claim on the merits. See Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

Mr. Morris also argues that the district court erred in denying his habeas petition on the merits "without any briefing in federal court with the assistance of counsel." Aplt. Br. 3. "[T]he decision to appoint counsel is left to the sound discretion of the district court . . . ." Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir. 2001). Given the straightforward nature of Mr. Morris's merits claim, along with the fact he was not entitled to an evidentiary hearing, we conclude that the district court did not abuse its discretion by denying Mr. Morris's motion for appointed counsel. Id. at 1121–22.

Finally, the magistrate judge's resolution of the limitations issue is not reasonably debatable.

Accordingly, we DENY Mr. Morris's request for a COA and DISMISS this appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge