**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARL WILLIAM PURSLEY, JR.,

　　　Petitioner – Appellant,

v.

AL ESTEP, Warden, LCF;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

　　　Respondents – Appellees.

No. 06-1496
(D.C. No. 05-CV-1767-PSF-MEH)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Carl W. Pursley, Jr., a state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the district court's dismissal of his

28 U.S.C. § 2254 habeas petition. For substantially the same reasons set forth by

the district court, we **DENY** a COA and **DISMISS**.

Pursley was convicted in Colorado district court of attempted first degree

murder, second degree murder, and two habitual criminal counts. He was

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

sentenced to a total of 90 years' imprisonment. He exhausted his direct appeal rights on October 30, 1995, when the Colorado Supreme Court denied him a writ of certiorari. On August 20, 1998, Pursley filed a motion for state postconviction relief, exhausting his state collateral remedies on September 6, 2005. Pursley then filed a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 on September 13, 2005, in which he asserted eleven grounds for relief. The district court dismissed his petition as time-barred and denied a COA. Pursley now seeks a COA from this court.[1]

Section 2244(d)(1)(A) provides a one-year statute of limitations for § 2254 petitions from the date the judgment becomes final. Pursley concedes that he had until April 24, 1997 to file his petition, or one year from the date of AEDPA's enactment. See United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Yet, because "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under

---

[1] The Antiterrorism and Effective Death Penalty Act ("AEDPA") conditions a petitioner's right to appeal a district court's denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Pursley to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Accordingly, Pursley may not appeal the district court's decision absent a grant of a COA by this court.

this subsection," § 2244(d)(2), the limitations period would be tolled during the pendency of Pursley's motion for state post-conviction relief.

Pursley's central argument on appeal is that the district court erred in finding that he did not file his motion for state post-conviction relief until August 20, 1998, well after the limitations period ended. He argues that we should look not to the date the state motion was filed, but to his "Motion for Appointment of Counsel for Post-Conviction Proceedings Pursuant to Colo.R.Crim.P.35(c)," dated June 13, 1996, and subsequent motions seeking appointment of counsel, for tolling purposes. Those motions were not part of the record before the district court; however, Pursley has now moved to supplement the record on appeal.

Having reviewed the motions, we see no reason to depart from the judgment of the district court that Pursley's motions for appointment of counsel did not "state adequate factual or legal grounds for relief," as required for tolling under Colo. R. Crim. P. 35(c)(3)(iv), and thus did not toll the statute of limitations. See Robinson v. Golder, 443 F.3d 718, 720 (10th Cir. 2006) (holding that a motion for state post-conviction relief is "properly filed" only if it satisfies the state's procedural requirements). As such, this case is readily distinguishable from our decision in Habteselassie v. Novak, in which we held that a motion for relief pursuant to Colorado Rule of Criminal Procedure 35 tolled the statute of limitations if it requested appointment of new counsel, sought post-conviction

relief, and stated adequate grounds for relief. 209 F.3d 1208, 1213 (10th Cir. 2000).

In the alternative, Pursley argues that he should be excepted from AEDPA's statute of limitations on grounds of actual innocence. See Schlup v. Delo, 513 U.S. 298, 327 (1995). Because he has presented no new evidence that makes it "more likely than not that no reasonable juror" would have convicted him, we decline to do so. Id.

For the reasons set forth above, Pursley's motions to proceed in forma pauperis and to supplement the record on appeal are **GRANTED**, his request for a COA is **DENIED**, and his appeal is **DISMISSED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge