**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CARL WILLIAM PURSLEY, JR.,

Petitioner-Appellant,

v.

AL ESTEP, Warden, L.C.F;
ATTORNEY GENERAL, State of
Colorado,

Respondents-Appellees.

No. 07-1529

District of Colorado

(D.C. No. 1:05-CV-01767-PSF-MEH)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Carl William Pursley, a state prisoner proceeding *pro se*, seeks a certificate

of appealability ("COA") to permit him to appeal from the district court's order

denying his Rule 60(b) motion, which the court construed as a successive petition

for a writ of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. §

2253(c)(1)(A). Because we conclude that Mr. Pursley has failed to make "a

substantial showing of the denial of a constitutional right," we deny his request

for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

## Background

Mr. Pursley was convicted by a Colorado jury of one count of second degree murder, one count of attempted first degree murder, and two habitual criminal counts. He is serving a sentence of ninety years' imprisonment.

On September 13, 2005, Mr. Pursley filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. The court dismissed the case because the application was untimely. 28 U.S.C. § 2244(d) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus."). He then submitted a Prisoner's Motion and Affidavit for Leave to Proceed on Appeal pursuant to 28 U.S.C. § 1915. The district court denied this motion on November 20, 2006, because Mr. Pursley had not shown the existence of a reasoned, nonfrivolous argument in support of the issues raised on appeal. This Court affirmed the district court's ruling, agreeing that the application was time barred and that Mr. Pursley had failed to present any new evidence under *Schlup v. Delo*, 513 U.S. 298, 327 (1995), that made it "more likely than not that no reasonable juror" would have convicted him. *Pursley v. Estep*, 216 F. App'x 733, 735 (10th Cir. Feb. 8, 2007).

Mr. Pursley then filed a Rule 60(b) motion with the district court, arguing that he did not have a fair opportunity to present evidence of his actual innocence. The court determined that the motion was "no more than a successive habeas petition addressing a merits determination . . . which in these circumstances must

be dismissed as untimely under AEDPA." *Pursley v. Estep*, No. 05-01767, 2007 WL 4322330, *2 (D. Colo. Dec. 7, 2007). Mr. Pursley seeks to appeal. Because he has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA. 28 U.S.C. § 2253(c)(2).

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 or Rule 60(b), if made in a habeas proceeding, may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Although the district court found that Mr. Pursley's Rule 60(b) motion was a successive habeas petition, it did not transfer the case to the court of appeals for authorization to consider the application pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006). Rather, the court dismissed the motion as a successive habeas petition barred by § 2244(b). Therefore, this case is presented to us not as a request for authorization for the district court to consider a successive habeas petition, but as an appeal of a

successive motion for habeas relief already considered and dismissed by the district court.

When faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the court must first determine whether the motion "should be treated as a second or successive habeas petition [or whether] it should be treated as a 'true' 60(b) motion." *Spitznas*, 464 F.3d at 1215. Under *Gonzales v. Crosby*, 545 U.S. 524 (2005), a 60(b) motion is a second or successive petition if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215.

In his Rule 60(b) motion, Mr. Pursley contends that during his initial habeas proceedings, the district court did not properly address his request to develop a factual record. To the extent that Mr. Pursley is claiming a procedural error by the district court, this claim is a "true" Rule 60(b) issue, and should be brought as such. *Gonzales*, 545 U.S. at 532. His argument lacks merit, however. The evidence that Mr. Pursley sought to introduce through expansion of the record was relevant only to state post-conviction claims that the district court was barred from reviewing. *Pursley v. Estep*, No. 05-01767, 2006 WL 3097190 (D. Colo. Oct. 31, 2006). As to Mr. Pursley's request for an evidentiary hearing, the district court is limited by AEDPA in its ability to grant such hearings. The petitioner must show that "[the] factual predicate . . . could not have been previously discovered through the exercise of due diligence." 28 U.S.C. §

-4-

2254(e)(2)(A).  The evidence that Mr. Pursley sought to present had previously been available to him and he had in fact presented it to the state court during post-conviction proceedings.

To the extent that Mr. Pursley seeks through this motion to present new evidence relevant to the merits of his claim for relief under *Schlup* or makes other arguments relevant to the merits of his habeas petition, his 60(b) motion must be construed as a successive habeas petition and is time barred.

## Conclusion

Accordingly, we **DENY** Mr. Pursley's request for a COA and **DISMISS** this appeal.  His motion to proceed *in forma pauperis* is also **DENIED**.  All other motions are **DENIED** as **moot**.

Entered for the Court,

Michael W. McConnell
Circuit Judge