**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BENJAMIN K. BANKS,

      Petitioner-Appellant,

v.

TRAVIS TRANI, Warden, and
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 10-1043
(D.C. No. 1:09-cv-2173-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Benjamin K. Banks was convicted in Colorado state court on 40 counts,
including violation of the Colorado Organized Crimes Act, conspiracy and
possession of controlled substances, forgery, theft, and computer crime. He was
sentenced to a prison term of eighty-four years. On direct review, the Colorado
Court of Appeals affirmed his conviction and the Colorado Supreme Court denied
his petition for a writ of certiorari on November 18, 2002.

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Banks then filed in state court a request for appointment of post-conviction counsel on December 19, 2002. Counsel was appointed three months later, but withdrew in December 2004, on the ground that she "could find no good faith basis" for the claim Mr. Banks desired to bring — a claim of ineffective assistance of counsel. Shortly thereafter, also in December 2004, Mr. Banks filed a *pro se* motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c), which the state trial court denied. The Colorado Court of Appeals affirmed that decision and the Colorado Supreme Court denied certiorari. Mr. Banks later filed a second motion for post-conviction relief that was again denied. On September 11, 2009, Mr. Banks filed in federal district court the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court, however, dismissed the petition as time-barred.

Mr. Banks now seeks from us a certificate of appealability ("COA") to appeal the district court's dismissal of his § 2254 petition. We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court dismisses a § 2254 petition on procedural grounds, we may issue a COA only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We conclude that the district court was unquestionably correct in holding Mr. Banks's

petition time-barred, and thus deny his application for a COA and dismiss this appeal.

A petitioner seeking federal habeas relief under § 2254 generally must bring his motion within one year from the date on which his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Mr. Banks's case, the Colorado Supreme Court denied his petition for a writ of certiorari on November 18, 2002, after which he had ninety days to seek review by the United States Supreme Court. His one-year window to file a § 2254 petition, then, opened on approximately February 18, 2003, and closed on approximately February 18, 2004. Mr. Banks filed his petition in federal district court on September 11, 2009, more than five years after that window closed. Accordingly, unless something acted to toll the one-year limitations period, Mr. Banks's petition was plainly time-barred.

Mr. Banks makes two arguments for tolling the one-year limitations period. Neither is availing.

First, Mr. Banks claims his request for appointment of post-conviction counsel in state court, filed on December 19, 2002, tolled the statute of limitations. While it is certainly true that the one-year limitations period doesn't run while a properly filed application for state collateral review is pending, *see* 28 U.S.C. § 2244(d)(2), Mr. Banks's request for post-conviction counsel doesn't

qualify as such. "A state post-conviction application is 'properly filed' if it satisfies the State's requirements for filing such a pleading." *Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006). In this case, as the district court observed, Mr. Banks's one-page request for appointment of post-conviction counsel "did not state any factual or legal grounds for relief," as Colo. R. Crim. P. 35(c) requires, but rather only sought counsel to draft a Rule 35 motion for him. App. at 213 (internal quotation marks omitted). As a result, and as the district court held, Mr. Banks's request for post-conviction counsel did not qualify as a properly filed application for collateral relief under Colorado law and so did not toll the limitations period for a § 2254 petition. Indeed, we have held other petitions time-barred in circumstances materially identical to these. *See*, *e.g.*, *Pursley v. Al Estep*, 216 F. App'x 733, 734 (10th Cir. 2007) (unpublished) (holding that petitioner's motions for appointment of post-conviction counsel did not toll the limitations period because they did not "state adequate factual or legal grounds for relief, as required" by Colo. R. Crim. P. 35(c) (internal quotation marks omitted)); *Gilbert v. Reid*, 217 F. App'x 762, 765 (10th Cir. 2007) (same).

Second, Mr. Banks argues he is entitled to equitable tolling of the limitations period because the delay in filing his Rule 35 motion was the fault of his court-appointed counsel. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223

F.3d 1217, 1220 (10th Cir. 2000). After reviewing the record of this case, we conclude that Mr. Banks can satisfy neither of these requirements.

Taking the extraordinary circumstances requirement first, even if we were to assume without deciding that Mr. Banks is correct some attorney negligence took place here, that will rarely qualify as an extraordinary circumstance meriting equitable tolling under this court's precedents because "clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007) (quoting *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003)). Particularly egregious attorney misconduct, such as repeated, deceitful assurances that a habeas petition would soon be filed, may entitle a petitioner to equitable tolling. *See id.* at 1256-57. But Mr. Banks does not make any such allegations in this case, and so fails to establish the sort of extraordinary circumstances required by our precedents for equitable tolling.

Likewise, while Mr. Banks submits that he tried to pursue his federal habeas claims, our case law requires that he "allege with specificity the steps he took to diligently pursue his federal claims" in order to meet the diligence requirement associated with equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (finding petitioner "provided no specificity regarding the alleged . . . steps he took to diligently pursue his federal [habeas]

- 5 -

claim" and concluding that petitioner "simply did not know about the [one-year] limitation"); *cf. Fleming*, 481 F.3d at 1257 (finding that petitioner diligently pursued his habeas claims when, in response to his counsel's inaction, he drafted his own petition for post-conviction relief, which he submitted to counsel for review, in order to satisfy the one-year limitations period).  Mr. Banks has failed to do this.  While he asserts that he promptly filed in state court a request for post-conviction counsel upon the completion of direct review, he fails to detail any steps taken after that request.  Accordingly, we must agree with the district court that Mr. Banks isn't entitled to equitable tolling of the one-year limitations period.

Because neither statutory nor equitable tolling served to extend the time in which Mr. Banks could file a habeas petition under § 2254, reasonable jurists could not debate whether his petition was time-barred.  Accordingly, we deny his application for a COA and dismiss this appeal.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge