**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 25, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRISTOPHER WAYNE JONES,

    Petitioner - Appellant,

v.

MIKE ROMERO; DEAN WILLIAMS;
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

    Respondents - Appellees.

No. 20-1291
(D.C. No. 1:20-CV-00734-LTB-GPG)
(D. Colorado)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Christopher Wayne Jones, a Colorado state prisoner proceeding pro se,[1] seeks a

Certificate of Appealability ("COA") to challenge the district court's dismissal with

prejudice of his 28 U.S.C. § 2254 application for a writ of habeas corpus. Mr. Jones also

moves to proceed in forma pauperis ("IFP"). Because Mr. Jones's application is clearly

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Jones is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

time-barred, we decline to grant a COA, deny his motion to proceed IFP, and dismiss this matter.

## I. BACKGROUND

On October 31, 2012, Mr. Jones was charged with aggravated robbery and second-degree assault in Larimer County District Court Case No. 12CR1634. The state district court initially found Mr. Jones not competent to stand trial and ordered him committed to a state mental health institute. In January 2013, following a hearing, the court found that Mr. Jones had been restored to competency. Mr. Jones subsequently reached a plea agreement with the State.

At a hearing held on April 5, 2013, to accept Mr. Jones's guilty plea under Colo. R. Crim. P. 11 (known in Colorado as a "providency hearing"), Mr. Jones told the Larimer County District Court that his mental health was causing him confusion and that he could not make a decision for himself without someone telling him what to do. The court consequently refused to accept Mr. Jones's guilty plea.

A second providency hearing was held the following week, on April 11, 2013. Mr. Jones told the state district court that he was no longer suffering from any mental or emotional problems that would affect his understanding, and that his confusion at the prior hearing had been remedied. The court accepted Mr. Jones's plea of guilty to one count of aggravated robbery and one count of second-degree assault. On May 13, 2013, the court sentenced Mr. Jones to 30 years' imprisonment on the two counts. It then imposed restitution on June 24, 2013. Mr. Jones did not appeal.

2

On September 11, 2013, Mr. Jones filed a state postconviction motion for reduction of sentence pursuant to Colo. R. Crim. P. 35(b). The state district court denied this motion on October 23, 2013. Mr. Jones did not appeal. On May 20, 2015, Mr. Jones filed a second state postconviction motion, this time pursuant to Colo. R. Crim P. 35(c). Court-appointed counsel filed a brief in support of this motion. Mr. Jones alleged that his plea was unknowingly and unintelligently entered because he was under the influence of medication during the second providency hearing and did not understand the proceeding. Mr. Jones also alleged his attorney was ineffective because she told him to lie to the court about the medication he was on at the time his plea was accepted.

After an evidentiary hearing on July 20, 2016, the state district court denied Mr. Jones's 35(c) motion in a written order issued August 24, 2016. Mr. Jones appealed. The Colorado Court of Appeals affirmed the denial of postconviction relief in a written order announced May 31, 2018. The Colorado Supreme Court denied Mr. Jones's petition for certiorari.

On March 30, 2020, Mr. Jones filed the instant pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the federal district court for the District of Colorado, challenging his 2013 state court conviction and sentence. Mr. Jones presented five claims: (1) his guilty plea was not knowing, intelligent, and voluntary because the state court failed to advise him of his rights as required by Colo. R. Crim. P. 11; (2) he received ineffective assistance of counsel in connection with his guilty plea; (3) his guilty plea was not knowing, intelligent, and voluntary because the court did not ascertain whether counsel had reviewed the updated plea paperwork between the first, aborted

3

providency hearing and the second hearing (at which his plea was accepted); (4) he was subjected to a double jeopardy violation based on the court's failure to merge the convictions for aggravated robbery and second-degree assault; and (5) his Sixth Amendment rights were violated by the redaction of the transcripts from his second providency hearing and his sentencing hearing, and by the loss or destruction of the transcript from his first providency hearing. *See* Appellant Br. at 4.

In the section of his § 2254 application regarding timeliness, Mr. Jones asserted that he was not informed of the federal statutory limitation period for state prisoners seeking habeas relief "until a year later by my appellate attorney to proceed." ROA at 13. Mr. Jones also stated that he suffered from two mini-strokes in 2019 as a result of his Parkinson's disease that impeded his ability to file timely his § 2254 application.

On April 2, 2020, the federal district court ordered the State of Colorado to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies under 28 U.S.C. § 2254(b)(1)(A). On May 27, 2020, after receiving an extension of time, the State filed its pre-answer response, arguing that Mr. Jones's application was time-barred by the one-year limitation period in § 2244(d), and that each of his claims was procedurally defaulted.

The district court referred the matter to a magistrate judge for a report and recommendation. On July 15, 2020, the magistrate judge recommended that Mr. Jones's application be dismissed with prejudice as untimely. The magistrate judge found that the one-year limitation period in § 2244(d) expired for Mr. Jones's claims on November 12,

4

2014, and further determined that equitable tolling of the limitation period was unwarranted.

Mr. Jones filed written objections to the magistrate judge's report and recommendation. On August 3, 2020, after conducting a de novo review of the file and record, the district court overruled Mr. Jones's objections and adopted the magistrate judge's recommendation. The district court dismissed Mr. Jones's application with prejudice as time-barred, and denied him a COA based on the lack of a substantial showing of the denial of a constitutional right. The district court also denied Mr. Jones leave to proceed IFP on appeal, without prejudice to seeking a motion to that end in this court.

Mr. Jones filed a timely notice of appeal. He submitted his combined opening brief and application for COA in this court on September 28, 2020. *See* Appellant Br. at 7. Pursuant to 10th Cir. R. 22.1(B), the State did not file a response brief.

## II.    ANALYSIS

### A. *Certificate of Appealability*

We lack jurisdiction to review the denial of a § 2254 petition absent the issuance of a COA. *See* 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Where, as here, a district court denies a § 2254 petition on procedural grounds, a COA will issue only if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

5

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* If the petitioner's showing is deficient as to the procedural bar, a court should ordinarily deny the COA on those grounds without reaching any constitutional issues. *Id.* at 485.

The district court found that Mr. Jones's § 2254 petition was time-barred. As we now explain, reasonable jurists could not conclude either that the district court erred in applying the statute of limitations to dismiss Mr. Jones's petition or that Mr. Jones should be allowed to proceed further.

## B. *Timeliness*

### 1. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for a state prisoner to bring an application for a writ of habeas corpus in federal court, running from the latest of four potential dates. *See* 28 U.S.C. § 2244(d)(1)(A)–(D). Mr. Jones does not allege that any of the circumstances in § 2244(d)(1)(B)–(D) are applicable.[2] Thus, the one-year limitation period ran from the

---

[2] AEDPA provides that the one-year limitation period can run from:

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

6

date Mr. Jones's state court "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). In Colorado, a state defendant's time for seeking direct review of an order or conviction in a criminal case expires forty-nine days after the date of the order or sentence corresponding to the conviction. *See* Colo. App. R. 4(b)(1).

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000). "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

---

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2244(d)(1)(B) – (D).

7

## 2.     Calculation

Because Mr. Jones did not directly appeal his 2013 conviction and sentence, his state court judgment became final upon the expiration of the time prescribed for seeking such review. Mr. Jones was sentenced by the state district court on May 13, 2013, and restitution was imposed on June 24, 2013. Taking the latter proceeding as the date on which his complete sentence was entered, the window for Mr. Jones to appeal his conviction and sentence expired forty-nine days later, on August 12, 2013. *See* Colo. App. R. 26(a) ("In computing any period of time prescribed or allowed by these Rules the day of the act, event, or default from which the designated period of time begins to run shall not be included."). At the latest, then, the one-year period within which Mr. Jones was required to file his § 2254 application began running the following day, August 13. *See* Fed. R. Civ. P. 6(a)(1)(A) ("When the [limitation] period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period.").

On September 11, 2013, Mr. Jones filed his first motion for state postconviction review under Colo. R. Crim. P. 35(b). A properly filed Rule 35(b) motion tolls AEDPA's limitation period. *Robinson v. Golder*, 443 F.3d 718, 721 (10th Cir. 2006). The state district court denied Mr. Jones's Rule 35(b) motion on October 23, 2013. The window to appeal that decision expired forty-nine days later, on December 11. Mr. Jones did not appeal. Thus, the statute of limitations ran from August 13, 2013, to September 10, 2013, a period of twenty-nine days, was tolled from September 11 through December 11, then resumed running on December 12, 2013.

8

Based on the initial lapse of 29 days prior to filing his Rule 35(b) motion, Mr. Jones had an additional 336 days, beginning December 12, 2013, to file his federal habeas application (365 days – 29 days = 336 days). This means that he had until November 12, 2014. Mr. Jones did not file his application within this period, nor did he file another state postconviction motion that would have temporarily stopped the clock from running. Rather, his Rule 35(c) motion was not filed until March 2015. Thus, Mr. Jones's § 2254 application, not filed until 2020, was clearly time-barred under AEDPA.

### 3. Equitable Tolling

Besides the statutory tolling provided through AEDPA, equitable tolling is available for a petitioner who "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quotation marks omitted).

In his § 2254 application, Mr. Jones alleged that he was not informed of the federal statutory limitation period for state prisoners seeking habeas relief "until a year later by [his] appellate attorney." ROA at 13. However, "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *see also Gibson*, 232 F.3d at 806. That Mr. Jones was unaware of

9

AEDPA's one-year limitation period, as he reiterated in his written objections to the magistrate judge's report and recommendation, does not qualify as an extraordinary circumstance that prevented him from filing timely.

Additionally, to the extent Mr. Jones claims his failure to file within the statutory period was caused by improper advice from appellate counsel, he appears to reference Rule 35(c) counsel appointed by the state district court in 2015, after the limitation period had run. But even if Mr. Jones received improper advice within AEDPA's one-year window, the Supreme Court has held that "'a garden variety claim' of attorney negligence" is insufficient to equitably toll the statute of limitations. *Holland*, 560 U.S. at 652 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). While "egregious behavior" on the part of an attorney can "create an extraordinary circumstance that warrants equitable tolling," *id.* at 651; *see also Fleming v. Evans*, 481 F.3d 1249, 1255–56 (10th Cir. 2007), Mr. Jones has alleged no facts to show his case presents such an instance of serious attorney misconduct.

Mr. Jones also asserts that the two mini-strokes he suffered in 2019 impeded his ability to file timely his § 2254 application. But the statute of limitations ran on Mr. Jones's application in November 2014. Mr. Jones's health issues in 2019 thus cannot excuse his failure to file timely.

In sum, no reasonable jurist would contest the district court's conclusion that Mr. Jones has failed to make the specific factual showing necessary to establish equitable tolling of AEDPA's limitation period.

### III.    CONCLUSION

Because no reasonable jurist could conclude that the district court erred in invoking AEDPA's statute of limitations to dispose of Mr. Jones's § 2254 application, we **DENY** his request for a COA and **DISMISS** this matter.

Mr. Jones seeks to proceed in forma pauperis on appeal. To do so, he "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Mr. Jones has not met this burden; our review of the record reveals no nonfrivolous argument in support of his appeal. We accordingly **DENY** his motion to proceed in forma pauperis.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

11