FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ALAN E. STRICKLAND,

Petitioner - Appellant,

v.

SCOTT CROW,

Respondent - Appellee.

No. 21-6085
(D.C. No. 5:21-CV-00064-HE)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **HARTZ**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Petitioner Alan E. Strickland, a prisoner in Oklahoma state custody proceeding

pro se,[1] seeks a Certificate of Appealability ("COA") to challenge the district court's

dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Because

reasonable jurists could not debate the propositions that Mr. Strickland neither timely

filed his § 2254 petition nor demonstrated a basis for overcoming the timeliness bar to

review, we deny a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Strickland proceeds *pro se*, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.   BACKGROUND

In 2017, an Oklahoma jury convicted Mr. Strickland of first-degree murder and the court sentenced him to a term of life imprisonment. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence on July 12, 2018. Mr. Strickland did not file a petition for certiorari with the Supreme Court for further review on direct appeal.

On September 20, 2019, Mr. Strickland filed an application for post-conviction relief in state court.[2] The state court denied the application and the OCCA affirmed the denial on December 22, 2020.

On January 25, 2021, Mr. Strickland placed his 28 U.S.C. § 2254 petition in the prison's legal mailing system, and the Clerk of Court for the United States District Court for the Western District of Oklahoma filed the petition four days later, on January 29, 2021. Mr. Strickland challenged his conviction by asserting three claims: (1) actual innocence, (2) ineffective assistance of trial counsel, and (3) ineffective assistance of appellate counsel.

---

[2] *See* Application for Post Conviction Relief, State v. Strickland, Oklahoma County District Court, Oklahoma, Case No. CF-2015-7080, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2015-7080. Although the record on appeal does not include Mr. Strickland's application for state post-conviction relief filed on September 20, 2019, we take judicial notice of the docket report in his state post-conviction proceedings. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

Respondent Scott Crow, Director of the Oklahoma Department of Corrections, filed a motion to dismiss Mr. Strickland's petition as untimely pursuant to 28 U.S.C. § 2244(d)(1), arguing the petition was filed thirteen-days outside of the one-year limitation period. Mr. Strickland opposed Director Crow's motion, arguing his petition was timely for two reasons: (1) he did not receive a copy of the OCCA's December 22, 2020, order affirming the denial of his application until January 2, 2021; and (2) at the time, his housing unit was under a COVID-19 quarantine lockdown, restricting his access to the law library.

According to Mr. Strickland, he had twenty-four days remaining in the § 2244(d)(1) one-year filing deadline when his state application for post-conviction relief tolled the running of that limitation period. Given this calculation, his delayed receipt of the OCCA's order, and his limited access to the law library, Mr. Strickland asserted his filing was timely on the day it was mailed, January 25, 2021. Mr. Strickland also noted his § 2254 petition demonstrated "proper evidence and arguments to support his actual and factual innocence" and requested that the district court schedule an evidentiary hearing for the purpose of proffering evidence of his actual innocence claim. ROA Vol. III at 5.

Without holding an evidentiary hearing, the magistrate judge recommended the district court grant Director Crow's motion and dismiss Mr. Strickland's § 2254 petition as untimely. [3] In the Report and Recommendation, the magistrate judge determined

---

[3] Pursuant to 28 U.S.C. § 636, the district court referred Mr. Strickland's § 2254 petition to a magistrate judge for a "preliminary review," to enter "appropriate orders as

3

Mr. Strickland's deadline to file his § 2254 petition was January 12, 2021. After rejecting Mr. Strickland's assertion of timeliness, the magistrate judge concluded Mr. Strickland had not demonstrated any exceptional circumstance to warrant the application of equitable tolling of the limitations period.

Mr. Strickland timely objected to the Report and Recommendation. Mr. Strickland again argued his delayed receipt of the OCCA's December 22, 2020, order and limited access to the law library were exceptional circumstances warranting equitable tolling of the limitation period. Mr. Strickland also maintained his § 2254 petition described "the proper evidence and arguments to support his actual and factual innocence" and renewed his request for an evidentiary hearing based on the facts he asserted in support of his actual innocence. ROA Vol. III at 24.

The district court denied Mr. Strickland's request for an evidentiary hearing and rejected his timeliness arguments. The district court agreed with the Report and Recommendation, concluding Mr. Strickland's § 2254 petition was untimely. The district court also agreed equitable tolling was inapplicable to Mr. Strickland's petition. The district court then adopted the Report and Recommendation, granted Director Crow's Motion to Dismiss, and dismissed Mr. Strickland's petition without prejudice. The district court denied a COA and entered judgment.

---

to non-dispositive matters," and submit a Report and Recommendation to the district judge for "dispositive matters referenced in 28 U.S.C. §§ 636(b)(1)(B), and (C)." ROA Vol. I at 1, Dkt. 3.

Mr. Strickland filed a notice of appeal, followed by a request for a COA. In his request, Mr. Strickland briefly contends the district court miscalculated the § 2244(d)(1) one-year limitation period and erred in not applying equitable tolling to his petition. Mr. Strickland next argues he can overcome the timeliness bar because he is actually innocent. Liberally construing Mr. Strickland's request, he also argues the district court erred in denying his § 2254 petition without an evidentiary hearing.

## II. DISCUSSION

### A. Standard of Review

"For federal habeas claims not adjudicated on the merits in state-court proceedings, we exercise our independent judgment and review the federal district court's conclusions of law de novo." *Hooks v. Workman*, 689 F.3d 1148, 1163–64 (10th Cir. 2012) (internal quotation marks omitted). We review "the district court's decision on equitable tolling of the limitation period for an abuse of discretion." *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). We also review the denial of an evidentiary hearing in habeas proceedings for abuse of discretion. *Coronado v. Ward*, 517 F.3d 1212, 1217 (10th Cir. 2008).

### B. Standard for a COA

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "Instead, [a] petitioner must first seek and obtain a COA." *Id.* To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When, as here, the district court

denies relief on procedural grounds, the petitioner seeking a COA must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## C. Analysis

### 1. Timeliness

Section 2244 of Title 28 of the United States Code establishes the applicable limitation period to file a petition pursuant to § 2254, stating "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitation period begins to run from the latest of four possible accrual dates. *See id.* Here, the relevant date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Where a defendant appeals to the OCCA—the court of last resort for criminal cases in Oklahoma—the defendant's conviction does not become final until "the United States Supreme Court has denied review, or if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Once the time for filing a petition for certiorari has passed, and the judgment is final, the one-year limitation period is tolled by a "properly filed application for State post-conviction . . . review with respect to the pertinent judgment" and continues to toll while the application is "pending." 28 U.S.C. § 2244(d)(2).

6

The OCCA affirmed Mr. Strickland's conviction and sentence on direct appeal on July 12, 2018. He then had ninety days from the issuance of the July 12, 2018, order to seek certiorari review in the United States Supreme Court. *See Locke*, 237 F.3d at 1273. Where Mr. Strickland did not seek certiorari review, the § 2244(d)(1) limitation period began to run ninety days after July 12, 2018, on October 11, 2018, and was due to expire one year later, on October 11, 2019, barring any tolling period. *See Clay v. United States*, 537 U.S. 522, 532 (2003) (finality occurs when time for seeking review expires); *see also Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006) (applying the anniversary method of calculating the § 2244(d)(1) one-year limitation period).

With twenty-one days remaining in his § 2241(d)(1) one-year limitation period, Mr. Strickland filed his state application for post-conviction relief on September 20, 2019. This filing began to toll the one-year limitation period, while his state application for post-conviction relief remained "pending." 28 U.S.C. § 2244(d)(2).

On December 22, 2020, the OCCA issued an order affirming the denial of Mr. Strickland's state application for post-conviction relief. Once the order issued, Mr. Strickland's state post-conviction application was no longer "pending," and the twenty-one days remaining in the limitation period began to run. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (noting § 2244(d)(2)'s tolling ceases once a state court of last resort issues a decision). Thus, for his § 2254 petition to be timely, Mr. Strickland needed to file it by January 12, 2021. But Mr. Strickland did not mail his § 2254 petition

7

until January 25, 2021.[4] Accordingly, the district court's conclusion that Mr. Strickland's petition was untimely pursuant to § 2244(d)(1) is not debatable or wrong.

   *a. Equitable tolling*

Section 2244(d)(1)'s limitation period is not jurisdictional, and we have recognized it is "subject to equitable tolling." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Equitable tolling of the § 2244(d)(1) one-year limitation period is available only where a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Even accepting Mr. Strickland pursued his claims diligently, he has failed to demonstrate any "extraordinary circumstance" preventing the timely filing of his § 2254 petition. *Id.*

Mr. Strickland provided two reasons why equitable tolling should apply to his § 2254 petition. First, he argued the one-year limitation period should have been tolled under § 2244(d)(2) until he received the OCCA's December 22, 2020, order affirming the

---

[4] In the Report and Recommendation, the magistrate judge relied on the day Mr. Strickland's § 2254 petition was filed with the district court, rather than the day he mailed the petition. Under the prison mailbox rule, a state inmate's § 2254 petition is considered "filed" "on the date it is given to prison authorities for mailing to the court." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005); *Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) (applying the prison mailbox rule to a § 2254 petition). The magistrate judge erred in relying on the day Mr. Strickland's petition was filed (January 29, 2021), rather than the day he attested to placing it in the prison legal mail (January 25, 2021). This error, however, does not provide a basis for granting a COA because the district court used the mailing date rather than the filing date to calculate the relevant time. Moreover, using either date, Mr. Strickland commenced his § 2254 proceeding beyond the one-year limitation period.

denial of his application for post-conviction relief, on January 2, 2021. However, the tolling period ends on the day the relevant order is issued, not the day the petitioner receives the order. *See Lawrence*, 549 U.S. at 332 (holding § 2244(d)(2)'s tolling ceases once a state court of last resort issues a decision). Even if Mr. Strickland was ignorant of the date upon which the tolling period expired, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh*, 223 F.3d at 1220 (internal quotation marks and citation omitted). Mr. Strickland has not provided any reason why we should depart from these well-established rules.

Second, Mr. Strickland argues the one-year limitation period should be tolled because he had limited access to the prison law library due to COVID-19 quarantine lockdowns during the twenty-one days after the OCCA issued its December 22, 2020, order. While the complete denial of access to legal materials may merit equitable tolling of the one-year limitation period, mere limited access to legal resources will not without a sufficient showing that the "lack of access caused [the] delay in filing." *Compare United States v. Gabaldon*, 522 F.3d 1121, 1126 (10th Cir. 2008) (concluding in the context of a § 2255 petition, "a complete confiscation of [the petitioner's] legal materials just weeks before his filing deadline would constitute extraordinary circumstances for the purposes of equitable tolling"), *and Coppage v. McKune*, 534 F.3d 1279, 1281–82 (10th Cir. 2008) (applying *Gabaldon* in the context of a § 2254 petition), *with Marsh*, 223 F.3d at 1221 (rejecting a petitioner's argument for the application of equitable tolling, "even assuming . . . a short closing of a prison law library could be considered 'extraordinary,'" where the petitioner had not shown how the "lack of access caused his delay in filing"). Although

9

Mr. Strickland's access to the law library was limited due to COVID-19 restrictions, he has not shown how his limited access "caused his delay in filing" the § 2254 petition, especially where he was granted access to the library on January 5, 2021, one week prior to the expiration of his one-year deadline. *See Marsh*, 223 F.3d at 1221. Accordingly, it is not debatable whether the district court abused its discretion in finding equitable tolling inapplicable to Mr. Strickland's claims of ignorance of the law and lack of access to the law library.

b. *Actual innocence*

In his request for a COA, Mr. Strickland argues his actual innocence should allow him a gateway through the procedural bar of § 2244(d)(1). Indeed, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Mr. Strickland's argument, however, does not merit a COA for two reasons. First, Mr. Strickland did not present an actual innocence argument to the magistrate judge as an exception for his untimely § 2254 petition in response to Director Crow's motion to dismiss. Nor did Mr. Strickland present this argument to the district court in his objection to the magistrate judge's Report and Recommendation. Although he made passing reference to his claim of actual innocence in both filings, Mr. Strickland did not advance any facts allowing the district court to evaluate an actual innocence argument to avoid the one-year limitation bar of § 2244(d)(1). ROA Vol. III at 5, 24; *see Eizember v. Trammell*, 803 F.3d 1129, 1141 (10th Cir. 2015) ("[T]his court has repeatedly instructed that stray sentences . . . are insufficient to present an argument . . .

10

in a way that might fairly inform opposing counsel or a court of its presence in the case."). By failing to raise this argument in the district court, Mr. Strickland waived consideration by this court of an actual innocence argument to overcome the untimeliness of his § 2254 petition. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (noting the failure to raise an issue in front of the magistrate judge waives the issue); *Childers v. Crow*, 1 F.4th 792, 797–98 (10th Cir. 2021) (concluding issues not raised before the district court are waived, "even for actual-innocence claims").

Second, to overcome the untimeliness of his petition based on a claim of actual innocence, Mr. Strickland "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *House v. Bell*, 547 U.S. 518, 537–38 (2006)). Mr. Strickland does not come close to meeting this standard. Mr. Strickland's actual innocence argument in his petition for a COA is unsupported by any factual allegations beyond his own retelling of events. [5]

Because reasonable jurists could not debate whether Mr. Strickland's § 2254 petition was timely, whether equitable tolling applies to extend the one-year limitation

---

[5] To the extent Mr. Strickland challenges the denial of his § 2254 petition based on a free-standing claim of actual innocence, we reject the argument because this circuit does not recognize such a claim. *See Vreeland v. Zupan*, 906 F.3d 866, 883 n.6 (10th Cir. 2018) (denying a COA because an independent claim of actual innocence cannot support habeas relief); *LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001) ("[A]n assertion of actual innocence, although operating as a potential pathway for reaching otherwise defaulted constitutional claims, does not, standing alone, support the granting of the writ of habeas corpus.").

period, nor whether Mr. Strickland's claim of actual innocence is both waived and unsupported, we decline to grant a COA.

## 2. Evidentiary Hearing

We also disagree with Mr. Strickland's assertion that the district court erred in denying his § 2254 petition without an evidentiary hearing. An evidentiary hearing allows a habeas petitioner an opportunity to establish "factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Moreover, "[t]he purpose of an evidentiary hearing is to resolve conflicting evidence." *Anderson v. Atty. Gen. of Kan.*, 425 F.3d 853, 860 (10th Cir. 2005). Mr. Strickland did not allege any factual dispute which, if true, would entitle him to relief from the untimeliness of his § 2254 petition in either his response to the motion to dismiss, or his objection to the Report and Recommendation. Because Mr. Strickland failed to allege any disputed facts to support an argument as to the timeliness of his § 2254 petition, an evidentiary hearing was unnecessary. *See id.* Therefore, the district court did not err in denying Mr. Strickland an evidentiary hearing.

## III.    CONCLUSION

We DENY Mr. Strickland's petition for a COA and we DISMISS this matter.


Entered for the Court


Carolyn B. McHugh
Circuit Judge